IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PRYNCETON BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1088-HE |
| | ) | |
| SHERIFF JOHN WHITSEL, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis,* brings this action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights. This matter has been referred to the undersigned magistrate judge for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters as referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review, it is recommended that this action be summarily **DISMISSED.**

### I. BACKGROUND

Plaintiff brings this action against Defendant John Whitsel, Oklahoma County Sheriff; John Doe, Medical Supervisor of the Oklahoma County Jail; and, John Does, Medical Staff at the Oklahoma County Jail. (ECF No. 1:1-3). According to Plaintiff, he was booked into the Oklahoma County Jail on April 20, 2014. (ECF No. 1:2, 5). On September 2, 2014, Plaintiff was transferred to Lexington A&R Center. (ECF No. 1:2, 5). After being there for one week, Plaintiff received a tuberculosis shot. (ECF No. 1:2). A few days later, Plaintiff was tested for tuberculosis and underwent an X-ray. (ECF No.

1:2). Plaintiff was then told that he had been exposed to tuberculosis, along with about 20 other inmates, at the Oklahoma County Jail within the previous week. (ECF No. 1:2). The nurse asked Plaintiff if he had been tested for tuberculosis and he answered in the negative. (ECF No. 1:2). She told Plaintiff that she would advise the Oklahoma County Jail that it might have a tuberculosis epidemic and advise them to start testing for the same. (ECF No. 1:2).

By this action, Plaintiff asserts Eighth Amendment claims based on his contention that during the intake process, the Oklahoma County Jail should have screened every inmate for tuberculosis and that their failure to do so resulted in his exposure to tuberculosis. (ECF No. 1:4-7). Plaintiff asserts that the failure to conduct such intake screenings constituted deliberate indifference to his health and safety in violation of the Eighth Amendment.

## II. SCREENING REQUIREMENT

The Court must review each complaint brought by a prisoner (a) with respect to prison conditions; or (b) who is proceeding *in forma pauperis. See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2)(B). In such circumstances, the Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

## III. DISCUSSION

To state a medical claim under § 1983, plaintiff must show he was "incarcerated under conditions posing a substantial risk of serious harm," and the defendant acted

2

with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The "deliberate indifference" standard has two components: "an objective component requiring that the ... deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *see also Martinez v. Garden*, 430 F.3d 1302, 1304-05 (10th Cir. 2005). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez,* 430 F.3d at 1304 (citing *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotations omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1304-05 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (internal quotations omitted)).

In *Williamson v. Miller*, No. CIV 07-167-RAW-SPS, 2009 WL 691899 (E.D. Okla. March 16, 2009), the plaintiff asserted an Eighth Amendment claim based on allegations that he became infected with tuberculosis from a fellow inmate "because the defendants failed to test incoming inmates for communicable diseases." *Id.* at *3. The court held that the plaintiff's claim failed because he did not claim

> [D]efendants knowingly placed him into a population with an inmate infected with TB. Instead, plaintiff contends the defendants should have tested all incoming inmates for the disease. It, therefore, is clear on the face of plaintiff's [] complaint that the defendants were unaware that an inmate had [tuberculosis], so they could not have been deliberately indifferent to plaintiff's health and welfare in this regard.

3

*Id.* at *4 (citing *Davis v. Stanley*, 740 F.Supp. 815, 818 (N.D. Ala. 1987) (holding the plaintiff failed to state a claim for deliberate indifference for sheriff's alleged policy of failing to test all incoming inmates for AIDS)).

As in *Williamson*, Plaintiff in the present case does not allege Defendants knowingly placed him into a population with an inmate infected with tuberculosis. Instead, Plaintiff contends Defendants should have tested all incoming inmates for the disease. The Eighth Amendment does not require jail officials to test for every possible communicable disease that could potentially befall its population, a likely impossible endeavor. Instead, officials are required to take reasonable steps to protect an inmate's health and safety against any *known* and excessive risks to the same. *Martinez,* 430 F.3d at 1304. Plaintiff's allegations do not establish an Eighth Amendment claim because it does not appear Defendants were aware an inmate had tuberculosis. Therefore, they could not have been deliberately indifferent to Plaintiff's health and welfare in this regard. Accordingly, Plaintiff's claims should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

## IV. RECOMMENDATION

In light of the foregoing discussion, it is hereby recommended that this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief can be granted. Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **November 16, 2015.** Plaintiff is further advised that failure to make timely objection to this Report and

Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned magistrate judge in this matter.

**ENTERED** on October 30, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE