**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PRYNCETON BROOKS, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>SHERIFF JOHN WHITSEL,[1] *et al.*, )<br>)<br>Defendants. ) | NO. CIV-15-1088-HE |

## ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this § 1983 action against the Oklahoma County Sheriff, the jail's medical supervisor and other unknown Oklahoma County medical staff, alleging that his Eighth Amendment rights were violated due to inadequate medical screening of prisoners upon their arrival at the Oklahoma County Jail. Plaintiff claims he was exposed to tuberculosis while at the jail. Consistent with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Shon T. Erwin. He has recommended that the action be dismissed without prejudice pursuant to 28 U.S.C. § 1915 for failure to state a claim.

The magistrate judge determined that plaintiff failed to state a claim that defendants were deliberately indifferent to his serious medical needs because "it does not appear Defendants were aware an inmate had tuberculosis." Doc. #7, p. 4. Plaintiff had not, he noted, alleged that defendants had knowingly placed him in a population with an inmate infected with tuberculosis, but rather contended that they should have tested all incoming

---

[1]*The sheriff's name is improperly spelled in the caption of the complaint. The proper spelling is Whetsel.*

inmates for the disease. While jail officials had to take reasonable steps to protect an inmate from known, excessive risks to their health and safety, the magistrate judge concluded the Eighth Amendment did not require that they test for every possible communicable disease.

Plaintiff has filed an objection essentially contending that the medical care system at the Oklahoma County Jail is inadequate because the inmates are not screened for tuberculosis. He asserts that, even if defendants were not aware that an inmate had tuberculosis, an Eighth Amendment violation occurred because of the lack of screening.

The court agrees with the magistrate judge that plaintiff has ignored the subjective component of a deliberate indifference claim.[2] Defendants cannot be held liable for violating the Eighth Amendment unless they were both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and they also drew that inference. Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005) (internal quotation marks omitted). Without allegations that defendants knew an inmate had tuberculosis or that plaintiff was at substantial risk of contracting or being exposed to the disease, defendants could not have "disregard[ed] an excessive risk to [plaintiff's] health." *Id.* Plaintiff's allegations fall short of what is required to state an Eighth Amendment claim.

Accordingly, the court adopts the magistrate judge's Report and Recommendation and

---

[2]*"The test for a 'deliberate indifference' claim under the Eighth Amendment has both an objective and a subjective component. The objective component of the test is met if the harm suffered is sufficiently serious to implicate the Cruel and Unusual Punishment Clause. The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." Kikumura v. Osagie, 461 F.3d 1269, 1291 (10th Cir.2006) (internal quotation marks omitted), overruled on other grounds by Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir.2008).*

dismisses this action without prejudice pursuant to 28 U.S.C. § §1915(e)(2)(B)(ii) for failure to state a claim.

**IT IS SO ORDERED**.

Dated this 18th day of December, 2015.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE